## In re GISH.
### Patent Appeal No. 3197.

Court of Customs and Patent Appeals.
March 26, 1934.

Will T. Gordon and C. Dudley Shreve, both of Washington, D. C. (Shreve, Crowe & Gordon, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner, refusing allowance of all the claims of appellant's application which involves an alleged improvement in plug wrenches.

There are but two claims. Claim 4 is illustrative and follows: "4. A plug wrench of the character described comprising a bar portion, a turning plug formed on one end thereof terminating in a similar plug of lesser dimensions, a plug formed on each of the respective sides of the bar adjacent said end and extending at right angles therefrom and with respect to each other, the respective plugs being of different dimensions, and a plug formed on each of said sides adjacent the opposite end of the bar extending at right angles therefrom, the respective plugs being of different dimensions from each other and from said first mentioned plugs, whereby a group of adjacently arranged differently dimensioned plugs is formed at each end of the bar, permitting instant selection and use of a particular plug as desired."

The references upon which the rejection was based are: Kettlewell, 198,544, December 25, 1877; Shay, 1,239,131, September 4, 1917; Osburn, 1,446,988, February 27, 1923.

Appellant's application discloses a wrench of the ordinary size of plug wrenches, having a bar with a number of projections extending out from the side of the bar at each end. These projections constitute plugs and fit into sockets of various sizes. The wrench is claimed to be made to fit all places of all makes of automobiles where plug wrenches are needed.

The rejection is placed upon the ground that the claims involve only an uninventive association of the various features of the references.

The reference Kettlewell shows a wrench which is in the shape of a T with a spud socket fitting device at the end of the handle and at each end of the crosspiece.

Shay discloses a screwdriver having a blade at the end of the screwdriver and a blade on each of its four sides adjacent the end. It is claimed by Shay that his arrangement of the different blades makes it possible to use the screwdriver for many different purposes and in inaccessible places, etc.

The reference Osburn is a convertible socket wrench, and it is claimed that it is convertible into all the different wrench sizes for tightening and removing the different nuts and bolts on automobiles and other machinery.

We agree with the decision of the Board of Appeals. It is old in the tool art to make different socket plugs on wrenches and so locate them upon a single handle as to permit the use of each of them. It is not seen that there is any invention in doing what appellant has done. Other similar features could have been added to his wrench, we think, without involving invention. We note that in appellant's application he stated: "A thorough study has been made of the number of sizes and shapes of sockets and the needs of plug wrenches for engaging same."

The fact that a thorough study was made does not signify that invention resulted. The application also states: "Obviously others [plugs] could be added and other of the plugs shown could be fashioned in the manner in which plugs 2 and 3 have been."

The same seems to be obvious to us.

Numerous affidavits, letters, invoices, and other documents, which were before the Board and are brought to our attention, are relied

upon to show commercial success. One of the affidavits is by the appellant and shows that he spent many months experimenting and making research concerning the requirements of the trade for certain wrench features; that his research caused him to check about 200 different models of automobiles in ascertaining and co-ordinating the various sizes of plugs for which wrenches were required. These facts have a tendency to show good business judgment and industry. Appellant possibly has a wrench that will fit more automobiles than any other wrench known, and, because of this fact it may have met with great commercial favor, but these facts do not necessarily imply invention.

The decision of the Board of Appeals is affirmed.

Affirmed.